■ Harvey Marcelin, Appellant, v. State of New York, Respondent. (Motion No. M-10156.) — Herlihy, J. Appeal by the claimant from an order of the Court of Claims denying his motion for disclosure. The record on appeal contains no claim which is filed in the Court of Claims. The State does not raise any question as to the procedural aspects of the claimant's motion. We find that the papers of the claimant do not specify any item, the disclosure of which would be necessary prior to the trial of what might possibly be his complaint. Accordingly, we do not consider the contention of the parties herein as to " civil death ". (See Civil Rights Law, § 79-a, subd. 1.) Order affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Herlihy, J.

■ The People of the State of New York, Respondent, v. Ralph De Castro, Appellant.— Gabrielli, J. Appeal from a judgment of the County Court of Sullivan County rendered April 10, 1967 upon a verdict convicting defendant of a violation of subdivision 1 of section 1751 of the Penal Law. Upon the trial, the defendant did not testify nor did he produce any witnesses which, of course, was his constitutional right and privilege. His main contention on this appeal, however, is that he was denied an opportunity to present his defense because the prosecutor called witnesses who had also been subpœnaed by the defendant. This attack upon his conviction lacks foundation and contains no merit whatsoever. The prosecution, by calling these witnesses, was in effect discharging an obligation to present *all* evidence bearing upon the issues. In fact, not only was the defendant not prejudiced by this procedure, but he actually received the benefit of having their testimony in chief produced with the right to elicit any additional favorable testimony from them by means of cross-examination or, if necessary, to impeach these witnesses. The establishment of any rule proscribing the District Attorney from calling witnesses solely because they had also been subpœnaed by the defense would not only be illogical but also destructive of the legal processes of any prosecution. An examination of the record reveals that the jury could properly find the defendant's guilt was established well beyond the required reasonable doubt. We have examined appellant's additional contentions all of which are without merit. Judgment affirmed. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.